UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUDITH GABRIELA MARTINEZ, and all )
others similarly situated under 29 U.S.C. )
216(b), )
                                     Plaintiff, )
vs. )
                                      )
ASECOEXPORT INTERNATIONAL INC, )
JAIME DIAZ, )
                                    )
                           Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, JUDITH GABRIELA MARTINEZ, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, ASECOEXPORT INTERNATIONAL INC and JAIME DIAZ and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant ASECOEXPORT INTERNATIONAL INC is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant JAIME DIAZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's

employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as an assistant and secretary from on or about January 12, 2013 through on or about April 5, 2019.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business as a freight forwarding company between Miami and Colombia and the Plaintiff's work for the Defendants calling internationally to Colombia,

sending invoices to clients relating to the freight airline couriers going to Colombia and dropping off packages to the airlines and emailing internationally all of which regularly affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods and communications utilized by Plaintiff were used on a constant and/or continual basis and/or were supplied to her by the Defendants to use on the job and moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Plaintiff is proceeding under the theory of enterprise coverage and individual coverage as individual coverage also applies to Plaintiff's work.

12. As set forth in *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266-1267 (11th Cir. Fla. 2006),

> The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce. *McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S. Ct. 1248, 87 L. Ed. 1538. [**6]  Therefore, HN5 for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

13. Plaintiff was "engaged in commerce" as Plaintiff was directly participating in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce (e.g., communications with foreign countries) and by regularly using the

instrumentalities of interstate commerce in Plaintiff's work (e.g. regularly and recurrently utilizing telephones and email to communicate internationally).

14. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials or communications that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act. Plaintiff is covered by the FLSA both under the individual as well as enterprise coverage prongs.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016, 2017 and 2018.

16. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2019 and is expected to exceed $500,000 for the year 2019.

17. Individual Defendant JAIME DIAZ was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above. Individual Defendant JAIME DIAZ exercised control over the business every day in the office, checked all activities of his employees and ordered his employees what to do, and was involved in the day to day operations of the company.  He directly supervised two people in Miami and five individuals in Colombia.

18. Between the period of on or about April 30, 2016 through on or about April 5, 2019, Plaintiff worked an average of 50 hours a week for Defendants and was paid $15 per hour but was not paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required

by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney for Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        Email: ZABOGADO@AOL.COM

        By:__/s/ J.H. Zidell_____
        J.H. Zidell, Esq.
        Florida Bar Number: 0010121